GROBER *v.* CLEMENTS.

| 71  565
| 74  351|

Opinion delivered October 24, 1903.

1. DIVORCE—CONSTRUCTIVE SERVICE—MISNOMER.—A decree of divorce from a woman whose name was Wilhelmina G., but was commonly called Mena, based upon constructive service by publication without actual notice, is void, where her name was given in the complaint, warning order and decree as Minnie G.—a name by which she was never known. (Page 568.)

2. TAX SALE—REDEMPTION.—Where a son .went to a tax sale, intending to pay the taxes on his father's land, but found that the land was being offered for sale when he arrived, and therefore bid it in to protect his father's interest, the purchase amounted merely to a redemption.. (Page 569.)

3. DOWER—ADVERSE POSSESSION OF HEIR.—Where an heir claims land of his father's estate under tax deed acquired by him as agent for his father, and is in possession, the statute of limitation does not run in his favor against the widow's claim of dower. (Page 569.)

4. SAME—BIGAMOUS MARRIAGE.—Under Sand. & H. Dig., § 2520, providing that a widow shall be endowed of a third of the lands of her husband "unless the same shall have been relinquished in legal form," and § 2527, providing that "in case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed," *held*, that the fact that a married woman contracted a second and bigamous marriage will not preclude her from recovering dower from the first and lawful husband, in the absence of. a divorce on the ground of such misconduct. (Page 569.)

Apeal from Sebastian Circuit Court in Chancery.·

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

In the year 1876 Wilhelmina Clements, the plaintiff in this action, was married in Sebastian county to John C. Grober, a farmer, living in that county. At the time of the marriage she was about thirty-five, and he was nearly eighty years of age. A few days before the marriage, and in consideration thereof,

Grober conveyed 120 acres of land to one Peter German to hold in trust for the use and benefit of himself and the plaintiff, with the provision that if he should die first the trustee should hold the land for the use and benefit of his wife, the plaintiff, and her heirs. They lived together about four years, and then separated; he claiming that she had voluntarily abandoned him, and she saying that he had ordered her to leave. After separating from her husband, Mrs. Grober went to Fort Smith, where she and her daughter by a former marriage, at that time some ten or fifteen years of age, resided a year or two, supporting themselves by housework. While she was there her husband brought a suit against her for divorce, but on the hearing the suit was dismissed for want of equity. Afterwards she and her daughter removed to Little Rock, where they resided several years, and then removed to St. Louis, where she now resides. In 1889, after she left Fort Smith, her husband brought another suit against her, in which the notice was given by publication, and in that action he procured a decree of divorce. Mrs. Grober had no actual notice of this suit, and did not appear. Grober died in February, 1892, at the advanced age of ninety-five. A month or two before his death, on December 24, 1891, Mrs. Grober, under the impression either that Grober was dead or divorced from her, married Samuel Clements, her present husband. On the 29th day of June, 1899, she brought this action against Rhinehold and Theresa Grober, a son and daughter of John C. Grober, to recover dower in certain lands which she claims that he owned at his death, and to set aside and decree void a certain tax sale, and deed made under the same, to one of the defendants, under which he now claims a portion of the land which she seeks to recover, and to enforce the provision of the trust deed above-mentioned, and for other purposes.

To the complaint in this action defendants filed their answer, in which they deny the validity of the trust deed executed by Grober. They allege as a defense against the claim of dower that Grober had procured a divorce in 1889; that the land had been sold for non-payment of taxes, and purchased by one of the defendants, who held a tax deed for same; that the plaintiff had forfeited all right to dower in the estate of John C. Grober by her abandonment of him and her subsequent marriage to Clements

before the death of Grober, and they further set up that her claim to dower was barred by the statute of limitations.

On the hearing the court decreed that Grober had only a life estate in the land which he had' conveyed in trust for the benefit of himself and the plaintiff, and that the rights of the plaintiff thereunder terminated with his death. As to the remaining land, of which Grober at one time held the title, the court held that the tax purchase by defendant Rhinehold Grober was in trust for the use and benefit of his father and his estate, and that the deed executed thereunder did not affect the claim of plaintiff; that the decree of divorce procured by Grober was void; that plaintiff did not forfeit her right to dower by her marriage to Clements, and that her action was not barred; and that she was entitled to dower in the land owned by Grober at his death. Decree was entered in accordance with these findings. Both parties appealed.

*Ben T. Duval,* for appellant.

Parol evidence is admissible to show the identity of the parties named in the record with those named in the pending action. 2 Black, Judg. § 547; 60 Am. Dec. 513; 29 Cal. 514; 23 Wis. 450. In case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed. Sand. & H. Dig. § 2527. A divorce proceeding is *in rem,* and the citation to appear is not the same as required in a proceeding to justify a judgment *in personam.* 2 Black Judg. § 931. The decree on constructive service was valid. Sand. & H. Dig. §§ 925-932; Stewart, Mar. & Div. § 201. Want of jurisdiction only renders a decree of divorce absolutely void. Stewart, Mar. & Div. § 419; 66 Ind. 291; 7 Mo. App. 121; 40 Pa. St. 151. Right of dower is extinguished by a sale of land for taxes. 40 Ark. 283; 33 Ark. 296; 55 Ark. 104.

*T. B. Pryor, J. S. Little, R. A. Rowe* and *W. M. Kinsey,* for appellee.

In obtaining a warning order the statute must be substantially and strictly followed. 25 Ark. 60; 22 Ark. 286; 55 Ark. 30; 30 Ark. 719; 51 Ark. 34; 55 Ark. 181. The statute of 13 Edward I, c. 34, is not a part of the laws of this state. Sand. & H. §§ 2520, 702; 60 Ark. 475; 11 Ark. 91, 103; 1 Scribner, Dower (2nd ed.) 115; 65 Ark. 254; 26 Ark. 370; Sand. & H. Dig. § 2553.

The homestead statute is not designed to curtail the widow's right of dower, but to give her and her minor children the benefit of a homestead. 58 Ark. 302; 53 Ark. 181.

*Ben T. Duval,* for appellant in reply.

A wife may defeat her dower by elopement and adultery. 5 Am. & Eng. Enc. Law, 912; Stewart, Mar. & Div. 178, 276; 18 W. Va. 522; 68 Ill. 503; 6 John. Ch. 194; Sand. & H. Dig. § 2527; 65 Ark. 258.

RIDDICK, J., (after stating the facts). This is an action by Wilhelmina Clements to recover dower in lands belonging to the estate of her former husband, John C. Grober, and also to enforce the provisions of a trust deed executed by him for her benefit. So far as the trust is concerned, it is now conceded by counsel for appellees that Grober had only a life estate in the land which he conveyed in trust, and that the decree of the court below so holding is correct. This disposes of her appeal, and we need only consider the points raised in the brief of counsel for defendants against the claim for dower by plaintiff.

First, as to the decree for divorce which the court declared to be void. Now, in considering this question, it must be remembered that no actual service was had on the defendant in that case; the decree being based on service by publication only. She had, therefore, no opportunity to appear and object to defects in the proceedings. In such cases the law is much more strict than in cases where the defendant has actual service of notice, though the notice be defective on account of mistake or otherwise. The affidavit for the warning order did not follow the statute, and, to say the least, was very irregular; but we need not notice that point, for the reason that we are of the opinion that the decree for divorce was void on account of a mistake in the name of the defendant as given in the decree and the proceedings upon which it was founded. Her name at time was Wilhelmina Grober, though by members of her family and intimate friends she was generally called Mena, as an abbreviation of the name Wilhemina. But in the action for divorce of which we are speaking she was sued as Minnie Grober, and the decree was rendered against her by that name. Now, the name Minnie is not the same as Wilhelmina or Mena, nor to our minds does it have the same sound. It differs substantially both in the spelling and in sound from the name

Mena. We are therefore of the opinion that the decree for divorce, being based upon constructive service by publication only, of which the defendant in that action had no actual notice, and as the name of the defendant in the complaint, warning order and decree is given as Minnie Grober—a name by which she was never known—is for that reason void, and does not affect rights claimed in this action.

As to the tax title set up by the defendants, the evidence shows that at the time of the tax sale John C. Grober was nearly ninety years of age, and in a physical condition that did not permit him to leave home without great difficulty and inconvenience. Under these circumstances, it is very natural to suppose that his business affairs, such as paying taxes and the like, were attended to mostly by agents. Rhinehold, his son, who sets up the tax title, admitted that he had previously redeemed his father's land when it had been sold for taxes. He testified that on the day of the purchase he intended to pay the taxes, but that, as the land was being offered for sale when he arrived, he bid it in, and that he did this to protect the interest of his father and of all others interested in the land. We think this testimony of Rhinehold, his subsequent conduct, and the other evidence support the finding of the court that in making this purchase Rhinehold was acting as the agent of his father, and that the purchase amounted in equity only to a redemption of the land, and gave him·no title that he could set up against the claim of dower made by the plaintiff.

It is the duty of the heir to assign dower, and the statute does not usually run against the claim of the widow for dower so long as the heir is in possession by virtue of his inheritance, and we think, under the facts of this case, that the court properly decided that the claim of plaintiff for dower was not barred. *Livingston v. Cochran,* 33 Ark. 294; *Webb* v. *Smith,* 40 Ark. 17.

We come next to the question whether plaintiff forfeited her right to dower by her marriage to Clements before the death of her former husband, Grober, in whose estate she now claims dower. Plaintiff is a German, and does not speak English well, and she does not make it quite plain whether she married Clements under the impression that her former husband was dead, or under the impression that he was divorced from her, but the difference is not material here. By an old English statute

it was enacted that, if a wife willingly leave her husband, and go away and continue with an adulterer, she shall be barred of her action to demand dower, unless the husband willingly and without coercion of the church reconcile her and suffer her to dwell with him. Westminster 2 (13th Ed. I), c. 34. And this is still the law in some of the states. But in this state, as in many others, the legislature has by statute so completely revised the law of dower that we must look to the statute alone to determine the circumstances under which and the means by which dower is barred. Sand. & H. Dig. § 2520 *et seq.; Lakin* v. *Lakin,* 2 Allen, 45; *Smith* v. *Woodworth,* 4 Dillon, 584; Fed. Cas. No. 13,130.

Our statute provides that "a widow shall be endowed of a third part of all lands whereof her husband died seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form." Sand. & H. Dig. § 2520. It further provides that "in case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed." Sec. 2527. It will be noticed that under this statute, in order to bar dower on account of the misconduct of the wife, there must not only be misconduct on her part, but a divorce in consequence of such misconduct. In this respect our law seems to be an improvement on the English statute. Under that statute, if the husband sold land, or if his land was sold under execution during marriage, and if after his death the wife set up a claim to dower, the purchaser was permitted to defeat her claim if he could show that she had left her husband and had lived with an adulterer. In commenting on this phase of the statute, the Supreme Court of Massachusetts, in *Lakin* v. *Lakin, supra,* said: "Lands in which women have a right of dower so frequently pass into the hands of strangers to the family, either by sale or levy, that it would operate harshly to allow the proprietors who had bought the land subject to the incumbrance to set up such a defense, and to bring to public investigation scandals which those most interested had preferred to bury or to pass unnoticed." For this and other reasons stated in the opinion in that case we concur in the statement there made that "it is well that our statute has made such inquiries immaterial and irrelevant."

We are therefore of the opinion that under our statute the marriage of the plaintiff to Clements before the death of Grober

does not affect her claim to dower in this case. Even if she contracted that marriage under the belief that Grober had procured a valid divorce from her, there is nothing in that act to estop her from asserting her rights on finding that no divorce was in fact procured, and that her marriage to Clements was for that reason invalid.

We have read with much interest the able and entertaining briefs filed by counsel for appellant, but we still think that the judgment appealed from is right, and it is therefore affirmed.