CARTER *v.* YOUNGER.

Opinion delivered April 20, 1914.

1. DOWER—ASSIGNMENT OF—JURISDICTION OF PROBATE COURT.—A petition alleging that plaintiff is the widow of deceased, who was a citizen of the county, and who died possessed of certain property, set out in a schedule, attached to the petition, states facts sufficient to give the probate court jurisdiction to assign dower in the property. (Page 487.)

2. DOWER—JURISDICTION OF PROBATE COURT.—Probate courts of this State are vested with jurisdiction in matters of dower. (Page 487.)

3. DOWER—SEPARATION AGREEMENT—JURISDICTION OF PROBATE COURT.— In an action in the probate court by the widow, asking that dower be assigned her, and defendants answered, setting up a separation agreement between plaintiff and her deceased husband, the probate court is without jurisdiction to determine as to whether or not the separation agreement was fair and just. (Page 487.)

4. DOWER—EQUITABLE RELIEF—JURISDICTION OF PROBATE COURT.—The probate court has no jurisdiction to grant equitable relief. (Page 488.)

5. HUSBAND AND WIFE—SEPARATION AGREEMENT—ANNULMENT—PRESUMPTION.—Where the parties to a valid separation agreement afterward come together, and live together as husband and wife, where their conduct toward each other is such that no other reasonable conclusion can be indulged than that they had set aside or abrogated their agreement of separation, then such agreement will be held to have been annulled by the parties to it, and their marital rights determined accordingly. (Page 488.)

6. HUSBAND AND WIFE—ANNULMENT OF SEPARATION AGREEMENT—EVIDENCE.—Evidence held to establish the annulment of a separation agreement entered into by a husband and wife. (Page 488.)

7. DOWER—SEPARATION AGREEMENT—ANNULMENT—BURDEN OF PROOF.— In an action by a widow to have dower assigned to her, where the defendants plead a separation agreement between plaintiff and deceased, when plaintiff admitted the agreement, the burden is upon the plaintiff to show that the agreement was annulled by the parties to it. (Page 488.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellee instituted this suit in the probate court for allotment of dower. She alleged that she was the widow of Samuel Younger, who died April 19, 1911, being then a citizen of Sebastian County, Arkansas, and possessed of a large amount of personal property, which was set forth in a schedule attached to the petition. She alleged that she was entitled to one-third of the property described; that defendants had failed to comply with her request for assignment of dower.

No written pleadings were filed by the defendants in the probate court. On a trial of the issues, judgment was rendered against the appellee and she appealed to the circuit court.

In the circuit court appellants answered and set up that the court had no jurisdiction. They denied the appellee was entitled to dower as alleged in her petition. They then set up that on the 10th day of June, 1909, Samuel Younger and appellee, while they were husband and wife, but while they were living apart from each other, entered into an agreement of separation; that among other things it was stipulated in the agreement that in consideration of several promises and covenants of the said Amanda V. Younger, Samuel Younger, her husband, agreed to pay her the sum of $525 in cash upon the execution of the agreement of separation and to deliver to her also his promissory note for $525. It was stipulated that in consideration of the payment of the sum of $525, as above, and the execution of the note that Amanda V. Younger thereby released the said Samuel Younger from any claim or obligation for her support or maintenance and also released and relinquished to Samuel Younger, his heirs and assigns, any right or claim of dower that she had acquired or might acquire to the estate of said Samuel Younger by virtue of their marriage. It was further stipulated that the parties would live apart on the terms and conditions above set forth.

The defendants further alleged that the contract was entered into in good faith by Samuel Younger and voluntarily by Amanda V. Younger and without any compulsion or undue influence or fraud upon the part of Samuel Younger. Defendants further alleged that the consideration paid by Samuel Younger, according to the separation agreement, fully equalled the value of appellee's right of dower. They alleged that the contract was never abrogated or set aside. They set up that an accounting was necessary to arrive at the amount of dower, if the appellee was entitled to any, and moved the court to dismiss the cause for want of jurisdiction.

Appellee filed a reply to the answer, reiterating that she was entitled to dower out of the estate of Samuel Younger, deceased, she being his widow. Admitted "that on the 10th day of June, 1909, she entered into an agreement of separation with her husband, Samuel Younger," but alleged that "said agreement of separation was duly cancelled and abrogated," and that, "by mutual agreement between her and her husband, Samuel Younger, before his death, and in good faith, that she again returned to live with her husband, and nursed him, washed his night shirts, providing him with food, and gave him every attention that was possible for her to do for several weeks before his death, all of which was done in good faith by plaintiff after the cancellation and abrogation of the agreement of separation." She denied that the agreement was fair and equitable, and alleged that the amount paid her, towit, $1,050, was not "fair and equal, reasonable in its terms, according to his estate at the time, and did not fully equal the then value of her expectant or possible right of dower in her said husband's estate." She then proceeded to allege matters to show that the consideration paid her was not fair and equal. She concluded her reply with a prayer that the court allow and award her dower as described in her complaint.

The appellants, after the reply was filed, moved to dismiss on the ground that their answer raised questions

of which a court of equity alone had jurisdiction, and moved also to transfer to equity for the same reason. The court overruled the motions and sent the issues to a jury, instructing them, over the objection of appellant, as follows:

"3. The burden of proof rests on defendant to show by a fair and reasonable preponderance of the evidence that she is not entitled to dower."

The verdict and judgment were in favor of the appellee and this appeal has been duly prosecuted.

*James B. McDonough* and *George F. Youmans,* for appellants.

1. The separation agreement was a bar to dower. 67 Ark. 15. The cause should have been transferred to chancery or dismissed without prejudice. 8 Ark. 10; 84 *Id.* 307.

2. The contract was free from fraud and coercion and the consideration sufficient. 97 Fed. 367.

3. No abrogation of the contract was shown and the burden of proof was on appellee. 129 Pac. 999; *Ib.* 631; 113 Am. St. 234; 40 Me. 24.

4. The probate court had no jurisdiction. 52 Ark. 283; 99 *Id.* 339; 84 *Id.* 557; 62 *Id.* 51; 55 *Id.* 286; 100 N. E. 408; 67 Ark. 15; 154 Mo. 323; 50 Ark. 34; 159 S. W. 165.

5. Appellee is estopped. 129 Pac. 165; 104 Cal. 570; 154 Mo. 323; 104 N. Y. 418.

6. The separation was valid (129 Pac. 999) and the burden was on appellee to show abrogation. Cases *supra;* 1 Elliott on Cont., § 414.

*J. F. O'Melia* and *Cravens & Cravens,* for appellee.

1. The probate court had jurisdiction. 52 Ark. 285; 68 *Id.* 15.

2. A wife's agreement to relinquish dower must be for an adequate consideration. 101 Ark. 522.

3. The right to dower is paramount to creditors, debts and purchasers. Kirby's Dig., § 2708; 5 Ark. 608; 18 *Id.* 421.

4. The agreement was shown to have been abrogated; the jury so found, and this court will not reverse. 57 Ark. 577; 15 *Id.* 540; 73 *Id.* 377; 75 *Id.* 111; 67 *Id.* 531; 76 *Id.* 326; 89 *Id.* 326.

5. The burden was on appellants. 68 Ark. 288; 69 Ark. 489. But if the third instruction was error, a proper instruction should have been asked. 77 Ark. 531; 75 *Id.* 374.

6. The abrogation of a contract is a question for the jury. 103 Ark. 539; 67 *Id.* 15.

Wood, J., (after stating the facts). 1. The petition of the appellee properly stated sufficient facts to give the probate court jurisdiction to assign her dower in the property. Probate courts of this State are vested with jurisdiction in matters of dower. Kirby's Digest, § 1340; *Jones* v. *Jones,* 28 Ark. 19. See Ex parte *Hilliard,* 50 Ark. 34; *Hilliard* v. *Hilliard,* 52 Ark. 283.

The court therefore did not err in refusing to dismiss the appellee's petition for allotment of dower. This jurisdiction of the court to assign dower as shown by appellee's petition could not be defeated simply by a denial of appellants that she was entitled to dower, nor upon an allegation that she had relinquished her dower by an agreement of separation. The answer, however, set up other facts which, if true, were sufficient to restrict the jurisdiction of the probate court and to show that the case was cognizable alone in a court of chancery. See *Bowers* v. *Hutchinson,* 67 `Ark. 15. Appellant, however, replied to the answer, in which she admitted the agreement set up, but alleged that same had been abrogated. Under these allegations of the pleadings, we are of the opinion that it was within the province of the probate court as incident to its jurisdiction to assign dower to determine whether the separation agreement which she admits that she executed was afterward abrogated by the parties who made it. For if the separation agreement was not abrogated, appellee having admitted that she executed it, would be bound thereby and would not be entitled to dower. On the contrary, if the separation

agreement had been abrogated by the parties to it again assuming the marital relation, then appellee would be entitled to dower. This is as far, however, as the probate court had jurisdiction to inquire. It had no jurisdiction to determine as to whether or not the separation agreement was fair and just. These were issues that could only be determined in another forum. The probate court had no jurisdiction to grant equitable relief.

2. Where the parties to a valid separation agreement afterward come together, and live together as husband and wife, where their conduct toward each other is such that no other reasonable conclusion can be indulged than that they had set aside or abrogated their agreement of separation, then such agreement should be held as annulled by the parties to it, and their marital rights determined accordingly. See *Dennis* v. *Perkins,* 129 Pac. R. 165. The court, without objection, sent this issue to the jury, and this was the only issue that should have been submitted.

It could serve no useful purpose to set out in detail the testimony tending to show on one hand that the contract was abrogated and on the other that it was not. We are of the opinion that there was testimony to warrant a finding that the contract had been abrogated by the appellee and her husband again assuming the marital relation and that they sustained this relation to each other at the time of his death. The court, however, did not properly submit the issue to the jury.

The third instruction granted at the request of the appellee put the burden of proof on the appellant to show that appellee was not entitled to dower; whereas, under the pleadings, the burden was upon the appellee to show that she was entitled to dower. Appellee having admitted that she entered into the agreement set up in the answer after separation from her husband, the burden was upon her to show that such agreement had been abrogated; otherwise, under the pleadings, she would not have been entitled to dower, and the burden of proof was upon her to show that fact. As to whether or not there

had been an abrogation of the agreement concerning the separation was an exceedingly close question of fact, under the testimony, and the instruction, placing the burden upon the appellants to show that appellee was not entitled to dower, was prejudicial.

Other objections are reserved and urged as to the rulings of the court upon the admission of certain testimony, and also as to the granting and refusing of prayers for instructions, but we are of the opinion that what we have already said is sufficient to indicate what the rulings of the court should be on these matters at another trial.

For the error in granting appellee's prayer for instruction as to the burden of proof, the judgment is reversed and the cause will be remanded for a new trial.

HART, J. The probate court, under our statute, has only a limited jurisdiction in the assignment of dower. I think the title to dower is involved in this suit, and that therefore the probate court had no jurisdiction to assign dower.