## KENDALL *v*. CRENSHAW.

Opinion delivered January 25, 1915.

1. DOWER—RIGHT OF DIVORCED WIFE.—A divorced wife is not entitled to dower.

2. ·DIVORCE—LANDS OF HUSBAND—CONFLICT OF LAWS.—Where a divorce was granted to a wife by a court in another State, that court is without jurisdiction to award to the wife lands belonging to her husband in this State.

3. DOWER—JURISDICTION OF PROBATE COURT.—Probate courts of this State are vested with jurisdiction in matters of dower.

4. DOWER—RIGHT OF WIDOW—ADJUDICATION.—A widow, where there are no children, is vested with title in one-half of the lands of her husband as dower, under the statute, and no adjudication of a court is necessary.

5. DOWER—ALLOTMENT TO WIDOW.—Where dower has not been allotted to a widow by the probate court, although a petition was filed in said court, and no final judgment rendered thereby, an action is not barred in the chancery court for an allotment of dower.

Appeal from Phillips Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*Fink & Dinning*, for appellant.

1. The decree of divorce did not destroy the dower right. Kirby's Dig., § 2694; 4 Barb. 192; 205 N. Y. 355; 98 N. E. 488; 30 A & E. Ann. Cas. 553. The right of dower is not dependent upon the woman being the wife at the time of the husband's decease. 197 Ill. 144; 166 S. W. 547. A divorce does not bar dower. 59 Ark. 441, is merely *dictum*. 71 Ark. 565. Statutes should be construed liberally in favor of the wife. 131 S. W. 977; 34 L. R. A. (N. S.) 1106; 19 Oh. St. 502; 2 Am. Rep. 415; 44 Ala. 437.

2. The order of the Phillips County Probate Court is a conclusive adjudication of the issues here. 80 Ark. 304; 92 *Id.* 611; 19 *Id.* 515; 11 *Id.* 519.

*Bevens & Mundt*, for appellee.

1. Divorce bars dower. Kirby's Dig., § 2694; 59 Ark. 441; 51 Tenn. (4 Heisk.) 419; 103 U. S. 118; 55 Mo. 181; 2 N. Y. 47; *W. U. Tel. Co.* v. *Compton*, 41 A. L. R. 197; 173 N. Y. 503; 66 N. E. 193; 93 Am. St. 631; 118 Ill. 260.

2. The probate court judgment was made without jurisdiction. Kirby's Dig., § § 2720-33; 55 Ark. 222; 15 *Id.* 382; 50 *Id.* 40; 166 S. W. 547; 39 Ark. L. R. 585;

74 *Id.* 81; 33 *Id.* 428. It is void. 47 Ark. 460; 33 *Id.*
490; 76 *Id.* 151; 92 *Id.* 231; 101 *Id.* 395; 81 *Id.* 462.

McCULLOCH, C. J. This case involves the right of
the appellant, Lizzie Kendall, to dower in the estate of one
Bailey Kendall, who died in Phillips County, Arkansas,
without issue, in the year 1913, leaving an estate consist-
ing of certain lands which are described in the com-
plaint. Appellant was the wife of Bailey Kendall, but
upon her complaint a divorce was granted by a court
of competent jurisdiction in the State of Illinois in the
year 1894. Appellee is the nearest collateral heir of
said decedent, and he challenges the right of appellant
to take dower in the estate on the ground that she was
not the wife of said decedent at the time of his death and
is therefore not the widow within the meaning of the laws
of this State on the subject of dower.

The statute reads as follows: "If a husband die,
leaving a widow and no children, such widow shall be
endowed in fee simple of one-half of the real estate of
which such husband died seized, where said estate is a
new acquisition and not an ancestral estate; and one-
half of the personal estate, absolutely and in her own
right, as against collateral heirs, but, as against credi-
tors, she shall be endowed with one-third of the real
estate in fee simple if a new acquisition and not ances-
tral, and of one-third of the personal property absolutely.
Provided, if the real estate of the husband be an ances-
tral estate she shall be endowed in a life estate of one-
half of said estate as against collateral heirs, and one-
third as against creditors." Kirby's Digest, § 2709.

(1) The statute just quoted was an amendment in-
troduced into the laws of this State by the act of March
24, 1891; and it enlarged the widow's dower to a very
considerable extent; but the prior statutes on the subject,
which still remain in force, except insofar as amended
or repealed by the Act of 1891, provided only for allot-
ment of dower to the *widow* of a decedent. There is
not now and has never been in existence any statute of
this State which in express terms gave dower to one who
was not the wife of a decedent at the time of his death.

Another section of the revised statutes provides that "in case of divorce, dissolving the marriage contract for the misconduct of the wife, she shall not be endowed." Kirby's Digest, § 2694. The effect of the statute last quoted, as bearing upon the right of a divorced wife of a decedent to take dower, was quite fully discussed by Judge BATTLE in the case of *Wood* v. *Wood*, 59 Ark. 441. In that case the court decided that a divorced wife could not be the widow of a decedent within the meaning of our divorce laws so as to be entitled to dower. It is pointed out in that case that section 2694, of Kirby's Digest, was copied from the New York statute without borrowing other statutes from that State which gave it any effect. Decisions of the New York courts, which are quoted from and discussed, show the purpose of the Legislature in that State by this enactment to restore the law as it existed in England prior to the statute of Westm. 2 (13 Edw. I), c. 34, but our divorce laws needed no statute to thus restore the condition of the law because the change brought by the English statute had never been introduced here. The effect of the statute is a little more plainly indicated by Judge RIDDICK in his opinion in *Grober* v. *Clements*, 71 Ark. 565, where it is shown that the Legislature meant to declare the law to be different than that expressed in the English statute which barred the widow's dower if she deserted her husband and went away with another in adultery, and to provide, contrary to the terms of the English statute, that such misconduct should not bar her right of dower unless it was followed up by a divorce dissolving the bonds of matrimony. It turns out that the Legislature was mistaken in finding a necessity for this statute, for under other sections of the statutes the widow was entitled to dower unless divorced, but the mistake of the Legislature in that respect does not alter the effect of the statute. It can be treated only as a legislative declaration of the state of the law to be contrary to that announced in the English statute which made the misconduct of the wife, without a divorce, a bar to her right of dower. At any rate, we regard the opinion of this court in *Wood* v. *Wood, supra,* as de-

cisive of the question that a divorced wife is not entitled
to dower, and the reasons given by Judge BATTLE in that
opinion are convincing.   Learned counsel for appellant
insist that Judge RIDDICK's opinion in *Grober* v. *Clements,
supra,* is to the contrary, but we do not find it to be so.
Judge RIDDICK was not discussing the question of the
right of a divorced wife to dower, for he had already
announced the conclusion of the court that the widow
of Grober had not been legally divorced and was not
on that account to be denied her right of dower.   His
discussion had reached that point where he was treating
the question of the mere misconduct of the widow as a
bar of dower, and he compared our statute with the
English statute referred to and held that it was merely
a declaration on the part of the Legislature of the State
of the law different from that existing under the English
statute.   In other words, he was merely holding that the
misconduct of the wife did not bar her dower, and that
under the statute referred to it required a divorce to bar
the right of dower.

The statutes on the subject of divorce, provide that
when a wife is granted a divorce she ''shall be entitled
to one-third of the husband's personal property, abso-
lutely, and one-third of all the lands whereof her hus-
band was seized of an estate of inheritance at any time
during the marriage for her life, unless the same shall
have been reliquished by her in legal form,'' and that
the judgment for divorce ''shall designate the specific
property, both real and personal, to which such wife is
entitled.''   Kirby's Digest, § 2684.

Of this statute the court, in *Beene* v. *Beene,* 64 Ark..
518, said:   ''The Legislature seems to have enacted that
statute for the purpose of putting an end to all after-
controversies as to dower rights, and to settle the matter
when a divorce is granted dissolving the marital bonds.''

(2)   The Illinois court which granted the divorce did
not, of course, have jurisdiction to award to appellant
lands in this State; and as it does not appear from the
record in this case when appellant's husband acquired the
lands in controversy, whether during the coverture or

since. it ended upon the granting of the divorce, the question does not arise whether or not appellant could, subsequent to the divorce have maintained a separate action in this State to have a part of her husband's lands here awarded to her.

(3-4-5) Another question presented is that the judgment of the probate court of Phillips County was a final adjudication of appellant's right of dower and that the question could not be further inquired into. There appears in the record a judgment of the probate court reciting that appellant had filed her petition in that court to have dower set aside and that the court "adjudged that an undivided one-half interest in and to the above named tracts, pieces and parcels of land be and the same is hereby vested in the said Elizabeth Kendall in fee simple, together with all rights and appurtenances thereunto belonging." Probate courts of this State are vested with jurisdiction in matters of dower. Kirby's Digest, § 2720; *Carter* v. *Younger,* 112 Ark. 483; 166 S. W. 547, and other cases cited. The statute provides that if dower be not assigned to the widow within a certain time, she may file in the probate court her petition for the allotment of dower and give the names of those having an interest in the property, and that summons shall be served upon the persons named as in other cases at law. The statute then provides for a contest of the right of the petitioner, and that upon final hearing if the widow be found to be entitled to dower the court shall appoint commissioners to allot the same. Nothing is brought into this record except the judgment and it does not appear that appellee or any interested parties were brought in. Passing that, however, it is observed further that the judgment of the court is not for the allotment of dower, but merely an adjudication that the appellant is entitled to dower. Now, the statute itself vests the title in the widow to one-half of the lands as dower and no adjudication of a court is necessary. The proceeding authorized by the statute to be had in the probate court is merely for the allotment of dower and the inquiry as to the right of the widow to dower is a

mere incident to the allotment. There was no allotment of dower by the probate court, and therefore there was no final judgment of that court which binds any of the issues involved in this case. It is contended that the case of *Carter* v. *Younger, supra,* is decisive of this question that the judgment of the probate court bars the present suit, but we do not think so, for the reason stated above, if for no other, that there was no judgment of allotment of dower rendered by the probate court. The court had no jurisdiction of a suit merely to determine the widow's right of dower, and any determination of that issue in a proceeding of that kind does not bar the present proceeding originating in the chancery court.

The decree of the court was therefore correct, and the same is affirmed.