MERRELL v. SMITH, SPECIAL ADMR.

5-1007 295 S. W. 2d 624

Opinion delivered November 26, 1956.

*J. G. Sain, Tom Kidd,* for appellant.

*Shaver, Tackett, Jones & Lowe,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellants bring this appeal from a decree, upholding and admitting to probate, the will of Maymie E. Whitmore who died testate August 31, 1954. Appellants contested the will on several grounds, one, — and the only one now considered, — being that the testatrix had made an oral agreement with appellants to leave her property to them. At the trial in Probate Court appellants sought specific performance of this alleged agreement. This appellants could not do in a court of Probate, their remedy for specific performance is in a court of equity. "The Probate Court has no jurisdiction to grant equitable relief," *Carter* v. *Younger,* 112 Ark. 483, 166 S. W. 547. See also 57 Am. Jur. 158, § 180; Annot., 69 A. L. R. 88. While it properly admitted the will to probate, the Probate Court lacked jurisdiction to decide the issue of specific performance of the alleged oral contract. The case must be and is remanded with directions that it be transferred to equity for further proceedings.