SCHNEDLER v. HELLER.

5-1984                                329 S. W. 2d 432

Opinion delivered December 7, 1959.

*Sydney S. Taylor,* for appellant.

*Richard W. Hobbs,* for appellee.

GEORGE ROSE SMITH, J. This appeal from the probate court involves an antenuptial contract between the decedent, Milton Heller, and his second wife, the appellee. Heller seems to have deserted his first wife and his infant daughter in New York in about 1939. Eventually Heller settled in Hot Springs, Arkansas, and married the appellee in 1955. Before the marriage the couple executed, in triplicate, an antenuptial contract by which each renounced all interest in whatever estate the other might leave at death.

Heller died in Hot Springs on October 27, 1957, from a heart attack, as he was preparing to fly to New York to visit his daughter, the appellant, who is now grown and married. The appellee was appointed as administratrix of her husband's estate and insists that she is entitled to dower in his property. This claim is disputed by the appellant, who began this litigation by filing a petition asking that Mrs. Heller be required to produce the antenuptial contract and to abide by its terms. To this petition the appellee pleads two defenses: First, she and her late husband canceled the contract, and, second, the contract was voidable because Heller induced her to execute it by misrepresenting the amount of property he then owned. The probate judge upheld the appel-

lee's position on both issues and accordingly dismissed the appellant's petition.

On the second point, involving the contention that the appellee was overreached by her intended husband, we are of the opinion that the probate court was without jurisdiction. This issue is controlled by our decision in *Carter* v. *Younger*, 112 Ark. 483, 166 S. W. 547, where we held that the probate court is without power to set aside a separation agreement on the ground of unfairness, it being said: "Under these allegations of the pleadings, we are of the opinion that it was within the province of the probate court as incident to its jurisdiction to assign dower to determine whether the separation agreement . . . was afterward abrogated by the parties who made it. . . . This is as far, however, as the probate court had jurisdiction to inquire. It had no jurisdiction to determine as to whether or not the separation agreement was fair and just. These were issues that could only be determined in another forum. The probate court had no jurisdiction to grant equitable relief." Since that decision the jurisdiction of the probate court in this particular has not been enlarged by any new constitutional or statutory provision.

On the first point we have concluded that the weight of the evidence is against the court's finding that Mr. and Mrs. Heller agreed to cancel their antenuptial contract. The only testimony to that effect was given by the appellee herself, an interested party, who says that she and her husband threw their copies of the agreement into the fireplace in January of 1957, as part of a reconciliation following a temporary separation. This testimony is entirely uncorroborated, except for the fact that Heller's copy of the agreement was not found in his safety deposit box after his death.

The appellant testified that she and her father were reunited in New York in April of 1957, upon his initiative, after they had not seen each other for eighteen years. Mrs. Schnedler states that her father showed her the antenuptial contract and explained its terms in detail. Two other kinsmen of the decedent, an attorney

and a business associate, also testify that Heller showed them the contract on this visit to New York. We think it unlikely that Heller would have mentioned the contract to his daughter if it had been abrogated in the preceding January, as the appellee says it was. That Heller exhibited the contract in New York is further confirmed by the fact that Mrs. Schnedler, after her father's **death,** came to Arkansas, went to her father's attorney, and obtained his signed copy of the contract. If Heller did not discuss the matter with his daughter there is **no** explanation of how she knew that such a document existed and could be sought out. Thus we think the preponderance of the evidence rather clearly supports the view that the agreement was not canceled in January of 1957.

The judgment is reversed and the cause remanded, without prejudice to the appellee's right to request a transfer to equity for further proceedings upon the issue that lies beyond the probate court's jurisdiction. *Merrell* v. *Smith,* 226 Ark. 1016, 295 S. W. 2d 624.