LEWIS *v.* RUTHERFORD.

Opinion delivered February 7, 1903.

1.  PROBATE COURTS—JURISDICTION.—Probate courts have only such special and limited jurisdiction as is expressly conferred upon them by the constitution and statutes or is necessarily incident to the powers so conferred.  (Page 220.)

2.  SAME—ANCILLARY ADMINISTRATION — INSOLVENCY. — The probate court has no jurisdiction of a suit by non-resident creditors of an insolvent estate to compel the ancilliary administrator to set aside and turn over to the primary administratrix plaintiffs' *pro rata* of such estate's assets.  (Page 220.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellants presented to the probate court of Sebastian county a petition in which they state "that one G. W. Lewis at the time of his death resided in Barry county, Missouri.  That appellant G. A. Lewis was, by the probate court of said county of Barry, duly appointed as his administratrix, and qualified as such.  That appellants Bertha M. Creed and the Commercial Bank of Monett, Mo., have claims amounting to considerable sums against said estate, which have been presented to and duly allowed by the probate court of said county of Barry.  That the probate court of the Fort Smith district of Sebastian county, Arkansas, had allowed $3,676.16 against the ancillary estate.  That the probate court of Barry county, Missouri, had allowed debts amounting to $6,789.04 against the principal estate, and the assets in the hands of the primary administratrix, which included all of the property belonging to the estate aside from that in the hands of said R. B. Rutherford, amounted to $868.53.  That no payment of any kind had been made upon any debt probated against the estate in Barry county, Missouri.  Petitioners asked that out of the assets in the

hands of R. B. Rutherford, ancillary administrator, a sufficient amount be set aside and turned over to G. A. Lewis, the primary administratrix, to give to all of the lawful creditors an equal per cent. of their debts.

To this petition R. B. Rutherford interposed the following demurrer, to-wit:

"Now comes administrator herein, and demurs to the petition of Georgiana Lewis et al., and for cause thereof says: That the petition filed herein in the probate court does not state facts sufficient to constitute a cause of action against this administrator, nor does the petition state any facts sufficient to entitle the petitioners to the relief prayed for. And because it appears from said petition that petitioners reside in the state of Missouri, in which state the primary or domiciliary administration upon the estate of the said G. W. Lewis, deceased, is pending, and that the defendant administrator herein is the ancillary administrator of the said estate in Arkansas, and that there are debts due creditors residing in this state from the said estate more than there are assets in this administration sufficient to pay off and discharge, so that, after the payment of the claims of the resident creditors, there will not be any estate remaining in the hands of this administrator."

The court sustained the demurrer, and rendered judgment dismissing the petition.

*F. M. Jamison,* for appellants.

A foreign creditor can not come into the ancillary jurisdiction and prove his claim. 34 Ark. 132. It is the duty of the ancillary administrator to pay creditors in his own state, when no question of insolvency is involved, and transmit any residue to the administrator of the domicil. 34 Ark. 117; 42 Ark. 164; 46 Ark. 453. When the estate is insolvent, all creditors, no matter where they live, should be paid *pro rata,* according to the whole amount of assets and the whole amount of debts. 13 Am. & Eng. Enc. Law (2d ed.) 935, 936; 3 Pick. 145; 8 Pick. 476; 11 N. H. 94; 172 U. S. 254; 49 Ia. 221; 23 Am. Dec. 71.

*Chas. E. Warner,* for appellee.

Probate courts possess only the powers conferred by statute. 52 Ark. 344. The probate court where the administration is pending is the proper tribunal to determine who are creditors, and

whether there is a sufficiency of assets to satisfy their claims.    47 Ark. 225; Story, Conf. Laws. §§ 524-5; Whart. Conf. Laws, § 624; 5 Cranch, 289; 3 Pet. 518; 13 *Id.* 312.    The probate court should do nothing to the injury of Arkansas creditors.    23 Ark. 527; 20 Johns. 260.    Assets can not be withdrawn from administration in our own courts, while there are home creditors yet unsatisfied.    16 Ark. 257; Story, Conf. Laws. 265; 30 Ark. 231, 242; 42 Ark. 167; Whart. Conf. Laws, § 640; Minor, Conf. Laws, § 113; 34 Ark. 117.

Wood, J., (after stating the facts).    The probate court had no jurisdiction.    It is well to remember that these tribunals have only such special and limited jurisdiction as is conferred upon them by the constitution and statutes, and can only exercise the powers expressly granted, and such as are necessarily incident thereto.    *Apel* v. *Kelsey,* 52 Ark. 344; *Smith* v. *Howard,* 86 Me. 203.    They have no general equity jurisdiction.

There are authorities which hold that it is the duty of an ancillary administrator to retain the funds in his hands for a *pro rata* distribution, according to the laws of the state of his administration, among the citizens thereof, having regard to all the assets, both in the hands of the principal administrator and the ancillary administrator; and having regard also to the whole of the debts which by the laws of either state are payable out of those assets.    *Dawes* v. *Head,* 3 Pick. (Mass.) 127; *Davis* v. *Estey,* 8 Pick. (Mass.) 476; *Miner* v. *Austin,* 45 Iowa, 221.

Other authorities hold that it is the duty of the ancillary administrator to satisfy in full the creditors of his jurisdiction, even though the principal administration be insolvent.    In other words, that it is the duty of the ancillary administrator to protect only home creditors.    Wharton, Confl. Laws, § 640; Minor, Confl. Laws, p. 250; *Smith* v. *Union Bank,* 5 Pet. 518.

Our own court, in *Shegogg* v. *Perkins,* 34 Ark. 117, 131, said:    "The only duty devolving upon the [ancillary] administrator was to collect the assets here and to appropriate so much of the avails of the same to the payment of debts due to our citizens as would be authorized by the general solvency or insolvency of the estate of the deceased, and [to] remit the balance to the place of primary administration."

This seems to recognize the former of the above views as correct.    But this language of our court was *dictum,* the ques-

tion in *Shegogg* v. *Perkins* being whether the ancillary administrator in Arkansas could allow the claim of a Tennessee creditor as in the case of a local or Arkansas creditor. The question of insolvency was not involved. We are not called upon in this proceeding to decide between these conflicting views. Because, even if it be conceded that the view as expressed in *Shegogg* v. *Perkins* as to the duty of the ancillary administrator be correct, still we are clearly of the opinion that the probate court, with its limited jurisdiction, is not the forum to determine the question of the general solvency or insolvency of the estate of the deceased, and the questions of the priorities and preferences under the varying laws of the different jurisdictions that might arise between the creditors. The rules of procedure and the machinery of the probate court are not sufficient for this purpose.

The petition asks that an amount be "set aside and turned over to G. A. Lewis, the primary administratrix." This court said, in *Duval* v. *Marshall,* 30 Ark. 230, at page 242: "The question is not to be determined by the extent of the local indebtedness of the intestate, but whether, in any case, the administrator at the domicil can dispose of or withdraw the assets in the hands of the ancillary administrator until the debts are paid and the administration settled, and we are clearly of the opinion that he can not." It follows as the logical sequence of this, and the holding in *Shegogg* v. *Perkins,* and what we have said in other cases, that the prayer of the appellants could not be granted. See *Clark* v. *Holt,* 16 Ark. 257; *Williamson* v. *Furbush,* 31 Ark. 539; *Gibson* v. *Dowell,* 42 Ark. 167; *Green* v. *Byrne,* 46 Ark. 465,—where the duty of an ancillary administrator is defined. These cases are not decisive of the question here, but they shed light upon it.

We are not called upon to decide whether appellants would have rights in a court of equity, and we do not decide that question.

Affirmed.