BONNER *v.* SLEDD.

Opinion delivered April 2, 1923.

1. COURTS—JURISDICTION OF PROBATE COURT.—Under Const., art. 7, § 34, the probate court has jurisdiction of a money claim for services performed for decedent under a contract to devise land; specific performance not being asked.

2. FRAUDS, STATUTE OF—BREACH OF CONTRACT TO DEVISE LAND.— Where plaintiff orally agreed to take care of decedent for the remainder of his life, and decedent orally promised to bequeath a certain sum and to devise a certain tract of land to plaintiff, and plaintiff performed his part, but decedent failed to make such bequest and devise, she can recover for the services a sum equal to the value of the land plus the named sum, even if the contract was within the statute of frauds as to the agreement to devise the land.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*C. E. Daggett* and *Walter Garner,* for appellant.

Court erred in refusing appellant's requested instructions 1 and 2. Probate court had no jurisdiction of claim for damages for failure to convey land, and circuit court acquired none on appeal. Claim falls in provisions of §§ 97, 100, C. & M. Digest. Probate court without jurisdiction to adjudicate claims of title to property arising between administrator and third persons. 134 Ark. 484; 55 Ark. 222; 111 Ark. 353; 116 Ark. 350; 147 Ark. 7; 149 Ark. 173; 155 Ark. 494. Demand of appellee really unliquidated claim for damages. 69 S. W. (Tex. Civ. App.) 231; 127 N. W. (Minn.) 11. Exception to rule of *Walker* v. *Byers,* 14 Ark. 246; 105 Ark. 95. Tract of land involved not in custody of executor. Probate court has no jurisdiction of claims "arising out

of tort or for unliquidated damages." If term "demand" as used in § 100, C. & M. Dig., includes all claims "arising in tort or under contract" is it the design to vest the jurisdiction over all claims against estates of deceased persons in probate court or only to require the presentation to the administrations to prevent bar of nonclaim statute, leaving jurisdiction of claims in forum where it properly belongs? *Walker* v. *Byers, supra;* 134 Ark. 407, distinguished. Appellee had a valid executory contract for conveyance of forty-acre tract of land, and not a "demand" against the estate. 123 Ark. 191; § 175, C. & M. Digest. Contract to devise the land is within the statute of frauds, and not removed therefrom by alleged performance on part of promisee, in saying which we are not unmindful of *Hinkle* v. *Hinkle,* 55 Ark. 583; *Naylor* v. *Shelton,* 102 Ark. 30; *Ford* v. *Asbury,* 105 Ark. 494; *Williams* v. *Williams,* 128 Ark. None of the elements controlling in those cases is present here. See note to *Grindling* v. *Reyhl,* 15 L. R. A. (N. S.) 466, and *Schoonover* v. *Schoonover,* 38 L. R. A. (N. S.) 752. Our construction recognized in *Lay* v. *Lay,* 75 Ark. 526. Action in effect is for specific performance of oral agreement to devise, and rule of evidence should not be different. 36 Cyc. 692. See also generally 25 R. C. L. 587, secs. 191-5; p. 307, secs. 121-2. Chancery court is proper forum. Note to *Naylor* v. *Shelton,* Ann. Cas. 1914-A, 399. Contract is within statute of frauds, only question being the sufficiency of performance to remove it and the remedy to enforce it. *Hamilton* v. *Thirston,* 48 A. T. L. 709. Contract not admissible, and all in statute of frauds. *Taylor* v. *Thurman,* 111 N. W. 229; 25 R. C. L. 704, sec. 347; 25 R. C. L. 586, sec. 190.

*Mann & Mann,* for appellee.

The claim of appellee was for services rendered and living in the home with and taking care of decedent during closing years of his life, he having failed to make provision for payment thereof in his will, in accordance with the contract. No conveyance of the land

agreed to be devised is sought, and it is mentioned only incidentally to determine value of service rendered. No error was committed in refusing appellant's requested instructions, and the cases first cited in his brief have no application here. The probate court only had jurisdiction of the claim. Sec. 93, Crawford & Moses' Digest; *Walker* v. *Byers,* 14 Ark. 246; *Watkins* v. *Parker,* 97 Ark. 494; *Stewart* v. *Thomason,* 94 Ark. 62. This claim not within exceptions as set out in 11 R. C. L. 204. Had right to money compensation, property not being devised. 13 Corpus Juris, 587; 17 C. J. 867; § 93, Crawford & Moses' Digest; 24 C. J. 287; 11 R. C. L. 208. Where no specific amount agreed upon, the reasonable value of the service measures the amount to be allowed. 24 C. J. 288, 277.

McCULLOCH, C. J. Appellee presented in the probate court of St. Francis County a properly verified claim in the sum of $10,000 against appellant's testator, John Young, for personal services alleged to have been rendered by appellee for said testator during the latter's lifetime and up to the date of his death.

There was an appeal from the judgment of the probate court to the circuit court, where, on the trial of the cause, a verdict was rendered by a jury in favor of the appellee for recovery from the estate of the sum of $8,000. Judgment was rendered accordingly, and an appeal has been prosecuted to this court.

It is undisputed that John Young was feeble and in ill health for a considerable length of time prior to his death, and that, shortly after the death of his daughter, which occurred about eight months before his own death, appellee moved into the home of John Young and remained with him continuously, except for a short period of time, until he died, and performed certain personal services in taking care of him and his household.

Appellee claims that, before she moved into the home of the deceased, the latter entered into an oral contract with her whereby he agreed that, if she would move to the

place and take care of him as long as he lived, he would compensate her for her services by leaving her in his will the sum of $5,000 and a certain tract of land described as the "Clark place."

A witness introduced by appellee testified that he was present immediately after the death of the daughter of deceased, when the contract, in substance, stated above was entered into between appellee and deceased; that deceased proposed to appellee that he would compensate her in the manner and to the extent stated above for the services if she would undertake to perform same, and that appellee, after bringing in her husband for a consultation, accepted the offer. There is other testimony corroborating that of the witness just mentioned, and the evidence is abundantly sufficient to sustain the finding of the jury that the contract was entered into, and that appellee performed it according to its terms.

There is evidence to the effect that, on account of a disagreement between appellee and the foster daughter of deceased, and on account of illness of appellee's husband, she removed temporarily from the home of the deceased and remained away for a while, but returned under the same terms as originally agreed upon between her and deceased.

It is not contended that the evidence is insufficient to sustain the finding of the jury upon all the disputed issues of fact.

It is also undisputed that the deceased did not make a will providing compensation for appellee, in accordance with the alleged contract.

The first contention of counsel for appellant as grounds for reversal is that the probate court was without jurisdiction of appellee's claim, so far as it related to the contract to convey land, and that appellee's sole remedy, if any, is in the chancery court to compel specific performance of the alleged contract. This contention is without merit, for there is no effort to compel performance of the contract to convey land. The claim is made

for compensation for services performed under the contract; it is a claim for the recovery of money and not for the recovery of property, and the probate court has jurisdiction as to all such claims, whether based on contract or tort. *Walker* v. *Byers,* 14 Ark. 246; *Hayden* v. *Hayden,* 105 Ark. 95. This jurisdiction is conferred by the Constitution (art. VII, § 34), and the allowance of claims against the estate falls within that jurisdiction.

It is next contended that the alleged contract, so far as it related to the promise to devise a tract of land, fell within the statute of frauds, and was void. It is not contended that the part of the contract for compensation in money was within the statute, and it is obvious that this part of the contract is not within any of the classes of the statute of frauds. If this were a suit to compel specific performance of the alleged contract to devise lands, it is clear that the oral contract was within the operation of the statute, unless taken out by sufficient performance. This is not, however, such a suit, and we need not determine whether the character and extent of the services shown to have been performed by appellee was such as to take the contract out of the operation of the statute. The law on that subject is settled by decisions of this court, and in one of those cases the rule was laid down with respect to what kind and duration of services and other circumstances would be required in order to take a case out of the operation of the statute of frauds where there was only the performance of such services and no possession taken. *Fred* v. *Asbury,* 105 Ark. 494. But, as before stated, this is not an effort to enforce the contract. It is one to recover compensation for services performed under contract. Even if it be held that the contract was within the statute of frauds and void as to the agreement to convey the land, still appellee is entitled to recover for the promised compensation, which is the sum equal to the value of the land. A conveyance of the land having been promised as a part of the consideration for the performance of services, the value of

the land, in connection with the sum of money expressly promised, is necessarily the agreed value of the services to be performed. Therefore the appellee is entitled to recover, not upon the *quantum meruit*, but for the agreed value of the services.

The issues were properly submitted to the jury in accordance with the views herein expressed, and the evidence was, as before stated, sufficient to sustain the verdict. The judgment is therefore affirmed.