JANSEN *v.* BLISSENBACH.

4-8701                                    217 S. W. 2d 849

Opinion delivered February 28, 1949.

R. C. Waldron, W. M. Ponder, Smith & Judkins and Holt & Holt, for appellant.

George M. Booth, for appellee.

MINOR W. MILLWEE, J. On February 7, 1921, William Jansen executed his last will bequeathing and devising his property to appellee, Barbara Blissenbach, his sister. Shortly before his death on January 31, 1944, William Jansen also executed conveyances of certain lands to appellee and her husband.

Appellants, who are the two surviving brothers of William Jansen, first filed a suit in chancery court to cancel the deeds to appellee and her husband, and also to vacate an order of the Referee in Probate of Randolph county admitting the will of William Jansen to probate. On appeal of the chancery suit, we affirmed the action of the chancellor in dismissing appellants' suit to set aside the deeds. *Jansen v. Blissenbach,* 210 Ark. 22, 193 S. W. 2d 814. In that case we pointed out that the trial court, sitting in chancery, did not pass on appellants' petition to vacate the order probating the will, and that said petition had never been acted on by the Randolph Probate Court.

After our decision on the former appeal the trial court, sitting in probate, proceeded to hear the petition to vacate the referee's order. This petition alleged that Act 448 of 1941, which authorizes a Referee in Probate to admit wills to probate, is unconstitutional as being contrary to Art. 7, § 34 of the Constitution of 1874. It also alleged that appellants were prevented by an unavoidable casualty from appearing in the Probate Court or appealing from the order probating the will within the time required by law. Appellants prosecute this appeal from the judgment of the Probate Court dismissing the petition to vacate.

The order admitting the will to probate was entered by E. Newton Ellis, Referee in Probate, on February 2, 1944, and said order has never been either approved or rejected by the Probate Court of Randolph county. The question for decision is whether an order of a referee in probate can become a valid and final order of the Probate Court without the approval of the judge of said court. The determination of this question involves the validity of § 4 of Act 448 of 1941.

The 1941 Act appears in Ark. Stats. (1947), §§ 22-508 to 22-512 and authorizes the appointment by the Chancellor of a Referee in Probate in each county and prescribes the qualifications, duties and fees of such officer. Section 22-509, among other things, authorizes the referee to admit wills to probate "and make proper orders in all cases where no contest or exceptions are filed, and make his report to the Court of his finding of law and fact, for the further action of the Probate Court, in all cases where contests or exceptions are filed and heard by such Referee in Probate, and to do such other acts and perform all such other duties as may be ordered by the court appointing him."

Section 22-511, which is § 4 of Act 448, *supra,* provides: "Any party aggrieved by any act or order of the Referee in Probate shall have ninety (90) days from the date of such act or order in which to file his petition for a review of such act or order with the Chancellor of the county. If no petition for review is filed within

ninety (90) days, the order of the Referee in Probate shall become final as if performed by the Chancellor.''

Section 22-509, *supra,* attempts to give powers to the Referee in Probate similar to those conferred on the county clerk by § 6 of Act 53 of 1873, now appearing as Ark. Stats. (1947), § 62-202. The notes of the compilers of the 1947 statutes disclose that the latter act was not carried forward in its entirety in subsequent digests. Under this statute all proceedings had by the clerk are interlocutory and subject to confirmation or rejection by the probate court. Under Ark. Stats. (1947), § 60-209 (Pope's Digest, § 14544), the clerk of the probate court is authorized to receive the probate of wills in common form, in vacation, subject to the confirmation or rejection of the probate court.

Article 7, § 34 of the Constitution of 1874, as amended by § 1 of Amendment No. 24, provides: ''In each county the Judge of the court having jurisdiction in matters of equity shall be judge of the court of probate, and have such exclusive original jurisdiction in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law. The judge of the probate court shall try all issues of the law and of facts arising in causes or proceedings within the jurisdiction of said court, and therein pending. The regular terms of the courts of probate shall be held at such times as is now or may hereafter be prescribed by law; and the General Assembly may provide for the consolidation of chancery and probate courts.'' It is clear from this constitutional provision that exclusive original jurisdiction over matters relative to the probate of wills is vested in the judge of the probate court.

The early case of In the Matter of the Will of Cornelius, 14 Ark. 675, involved the probate of a will under an early statute similar to § 60-209, *supra.* The court said: ''The clerk is required to take proof of any will, and grant a certificate of probate, or a certificate of

rejection; a judicial function, falling so clearly within the principal adjudged in *Kennedy, Ex parte,* 11 Ark. 598, holding that a master in chancery cannot issue a writ of injunction, and *Scoggin* v. *Taylor,* 13 Ark. 380, that no power could be conferred upon the same officer to issue a writ of *ne exeat,* that if these cases are adhered to, so much of the statute would be unconstitutional, were it not for the further provision, that the act of the clerk, in pursuance of the power conferred on him by the statute, is 'subject to the rejection of the court;' by which we understand it to be the duty of the Probate Court, in all cases, to confirm or set aside the proceedings had before the clerk, whose authority is temporarily executed for the immediate preservation of the estate, and who acts ministerially in certifying the evidence, and preparing the subject matter for the adjudication of the court in term time.''

In the case of *St. Louis-San Francisco Rd. Co.* v. *Pearson,* 170 Ark. 842, 281 S. W. 910, this court construed Ark. Stats. (1947), § 62-201, which authorizes probate clerks to grant letters testamentary and of administration subject to the confirmation or rejection of the probate court. We there said: ''Letters of administration granted in vacation are not, under the terms of the statute, limited in point of time, so as to continue only to the succeeding term and then expire, unless confirmed by the court. They are subject to the confirmation or rejection of the court, and it is the duty of the court to pass upon them; but they are valid until they are rejected.'' See, also, *Jonesboro, L. C. & E. Rd. Co.* v. *Gunn,* 174 Ark. 1148, 298 S. W. 485.

In *Nixon* v. *Allen,* 154 Ark. 244, 234 S. W. 45, this court held unconstitutional an act of the Legislature dividing the offices of county judge and probate judge and providing that each office should be filled by a separate person. It was there said: ''Under the Constitution there cannot be more than one county judge.'' The case of *Rose* v. *Brickhouse,* 182 Ark. 1105, 34 S. W. 2d 472, held that, in the absence of legislative authority, the quorum court was without authority to employ one

referred to as a referee to assist the probate judge in the performance of his duties. Referring to *Nixon* v. *Allen, supra,* the court said. ''What was there said in regard to the judge of the county court is equally applicable to the judge of the probate court, and there can no more be two probate judges, by whatever name one of them may be called, than there can be two county judges.''

When Art. 7, § 34, of the Constitution is viewed in the light of the above decisions, we think it is clear that the Legislature is without power to provide that, if no petition for review is filed within 90 days, the action of the referee shall become a final judgment of the court without the intervention or approval of the court. To say the Legislature had such power would clothe that body with authority to create a second or deputy probate judge in the several counties and this it may not do under the Constitution. It follows that § 4 of Act 448 of 1941 is an unauthorized grant of legislative authority and, therefore, unconstitutional and void.

By § 5 of Act 448 of 1941 (Ark Stats., § 22-512) the act is made severable and it is provided that the invalidity of any part of the statute shall not affect the remainder. It is well settled that where a statute is unconstitutional in part, the valid portion of the act will be sustained if complete in itself and capable of execution in accordance with apparent legislative intent. *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5. The remaining portion of the act is complete in itself and capable of execution in accordance with the apparent legislative intent insofar as the power of the referee to receive wills for probate is concerned, which is the only issue here. When thus construed the act authorizes the referee to make his report to the probate court for the further action of that court. Any proceeding had by the referee, whether contested or uncontested, is interlocutory and informatory to the chancellor. While the referee's action in admitting or refusing to admit a will to probate is valid until set aside, it can have no

finality as a judgment of the court until either confirmed or rejected by the probate court.

Since the order of the referee admitting the will to probate in the instant case has never been acted upon by the probate court, there has been no final adjudication probating the will. The learned trial court, therefore, erred in treating the unapproved order as a final judgment of the court.

The judgment appealed from is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion. If and when appellee proceeds to a final probate of the will, then appellants may contest its legality in accordance with the provisions of Act 401 of 1941, which we held on the former appeal to be the governing statute.

Reversed.