MILLS *v.* LATHAM.

4-8757                                           219 S. W. 2d 609

Opinion delivered April 18, 1949.

*W. F. Reeves, J. Loyd Shouse* and *J. F. Koone,* for appellant.

*Opie Rogers,* for appellee.

GRIFFIN SMITH, Chief Justice. John W. Heller, a resident of Searcy County, died June 23, 1947. A writing dated September 9, 1946, with a modification dated June 21, 1947, was offered for probate at Marshall June 30, 1947. By order of "N. J. Henley, Referee in Probate," it was found that the document was Heller's last will and testament, that the addition or modification was a properly executed codicil, and that "all necessary parties at

interest are duly before the Court." A direction was that the will be admitted to probate, and that letters testamentary be issued to Wm. T. Mills, who would serve without bond.

Mills, in a Chancery action, brought to that Court's attention certain alleged contradictions or inconsistencies, and concluded with a prayer that the will be construed, and that the Court "specifically determine who are the beneficiaries" and the amount of property to which each would be entitled. Methodist Orphans Home Association of St. Louis, by answer and a pleading in the nature of an intervention, asked the Court to declare it was the testator's intention that the Association should receive "all money in the estate."

From a decree construing the alleged will, Mills has appealed.

There is an affirmative record-showing that admission of the will to probate was on order of a Referee, and there is no contention that the *Court,* functioning as such, has acted. In principle, the transaction is not distinguishable from *Jansen* v. *Blissenbach,* 214 Ark. 755, 217 S. W. 2d 849.

Recognizing, however, that evidence of Court approval may have been inadvertently omitted from the transcript, the cause is remanded, although the judgment must be reversed.

It is appropriate to mention that Amendment No. 24 to §§ 19, 34, and 35 of Art. 7 of the Constitution did not, *ipso facto,* consolidate Chancery and Probate Courts, hence original jurisdiction of Probate was not affected. *Lewis* v. *Smith,* 198 Ark. 244, 129 S. W. 2d 229; *Wooten* v. *Penuel,* 200 Ark. 353, 140 S. W. 2d 108; *Gray* v. *Fulton,* 205 Ark. 675, 170 S. W. 2d 384. Probate jurisdiction was discussed by Mr. Justice BUTLER in *Huff* v. *Hot Springs Savings, Trust, and Guaranty Co.,* 185 Ark. 20, 45 S. W. 2d 508, and in *Jesseph* v. *Leveridge,* 205 Ark. 665, 170 S. W. 2d 71. We do not in this proceeding draw the jurisdictional line.

Reversed.