Cross *v.* McLaren, Executrix.

5-407                                       267 S. W. 2d 956

Opinion delivered May 17, 1954.

*Bob Bailey, Jr.,* and *Bob Bailey, Sr.,* for appellant.

*A. S. Hays* and *Henry W. Gregory, Jr.,* for appellee.

MINOR W. MILLWEE, Justice. On August 7, 1952, G. A. McLaren died testate in Pope County, leaving a will modified by three codicils. On August 28, 1952, the original will and the codicils were presented for probate and were admitted without objection. The will is composed of twenty-five items, some of which are modified by the three codicils. Item I appointed appellees Carrie Lee McLaren and Pearl Barlow the joint executrices of the will, and Item II directed them to pay just debts and funeral expenses and make settlement of taxes or assessments against his property. Item III bequeathed the home to testator's wife for life, then Item IV bequeathed all the residue of the estate to the appellees to hold as trustees for the term, conditions and purposes set out in the will. Item V established the term of the trusteeship as the lives of his wife and daughter, or in any event twenty years after his death; this was amended by codicil to thirty years after his death. Then follows a number of specific instructions to the trustees pertaining to their management of the trust estate. Item X directs the trustee to file an inventory of the trust estate in the chancery court while Item XIII directs them to make annual reports to the chancery court showing all income and expenditures in their administration of the trust. Chancery court is also given the right to fix the compensation of the trustees as well as the right to remove them for violation of cer-

tain provisions of the will, and to name their successors. Item XXIII directs that the trustees shall consult J. A. Willey and Zada Cross, appellant herein, in the management of the real estate, and further provides that they shall have the right to rent estate lands. By codicil, the right bestowed by this item is conditioned on the cultivation of the rented land in a first class husbandman-like manner.

Item XXIV of the will originally read as follows: "After the full expiration of twenty years from my death and the death of both my wife Florence and my daughter, Alta, either before or after the full twenty-year period and whichever is latest to occur, then I declare the trust herein created to terminate and my Trustees shall thereupon execute their Trustees deed to my granddaughter, Sandra Lee McLaren, and to the issue of her body, but if the said Sandra Lee McLaren be dead, then said conveyances shall be made to her bodily heirs and if there be no bodily heirs of the said Sandra Lee McLaren living at the termination of this Trust as herein provided, then all property held by my said Trustee shall revert to my estate; in the event of such reversion by reason of the death of Sandra Lee McLaren and failure of bodily issue of her, then it is my will, and I give and bequeath to my cousin, Arnie McLaren, the sum of FIVE THOUSAND and no/100 ($5,000) DOLLARS; to my cousin Tabitha McLaren Fronabarger, or in the case of her death to her descendants, according to the laws of descent and distribution of this State, FIVE THOUSAND and no/100 ($5,000.00) DOLLARS: to Zada Cross, I give, bequeath and devise FIVE THOUSAND and no/100 ($5,000.00) DOLLARS, in money, absolutely, and the East Half (E½) of the Southeast Quarter (SE¼), of Section 32, Township 7 North, Range 18 West, in Pope County, Arkansas, for and during her life and under the same terms and conditions as her present lease."

Item XXIV was modified by the codicils to read: "After the full expiration of thirty years from my death and the death of both my wife Florence and my daugh-

ter, Alta, either before or after the full thirty-year period and whichever is latest to occur, then I declare the trust herein created to terminate and my Trustees shall thereupon execute their Trustee deed to my granddaughter, Sandra Lee McLaren, and to the issue of her body, but if the said Sandra Lee McLaren be dead, then said conveyances shall be made to her bodily heirs and if there be no bodily heirs of the said Sandra Lee McLaren living at the termination of this Trust as herein provided, then all property held by my said Trustees shall revert to my estate; to Zada Cross, I give, bequeath and devise FIVE THOUSAND and no/100 ($5,000) DOLLARS, in money, absolutely, and the East Half (E½) of the Southeast Quarter (SE¼), of Section 32, Township 7 North, Range 18 West, in Pope County, Arkansas, for and during her life and under the same terms and conditions as her present lease. Provided, said Zada Cross complies with the terms and conditions in her lease; then neither my trustees or beneficiaries of my will, may dispossess her of the lands under her lease or disturb her in the peaceable possession of the lands so leased or willed to her.''

On August 28, 1952, letters testamentary were issued to appellees herein. Attorneys were employed, inventories filed, and the administration of the estate proceeded in a regular manner. On December 16, 1952, appellees obtained an order of the chancery court declaring the trust under the testator's will and confirming appellees as trustees. On March 12, 1953, appellees, as executrices of the estate, petitioned the probate court for authority to pay to themselves, as trustees, certain accumulated estate income that they might distribute said income to the trust beneficiaries, and the authority was granted that day. On the same day, the chancery court issued an order on the ex parte petition of the trustees construing Item XVI of the will as requiring said trustees to distribute a portion of the income of the estate to the beneficiaries of the trust.

On May 23, 1953, appellant petitioned the probate court for a construction of the will and codicils, alleging

that she was entitled to a bequest of $5,000 under Item XXIV of the will and that her demand for payment of same had been refused and ignored. She further alleged that she was entitled to lifetime possession of an 80-acre tract together with certain accumulated rents, the privilege to rent other lands of the estate, and the right to be consulted in the leasing and renting of said lands under the will, all of which had been refused her. She prayed that the court construe the will to determine her rights in the premises and, by amendment to the petition, she also asked for a construction of her rights under a certain lease executed by testator on August 22, 1949, and referred to in the will.

On September 23, 1953, appellees filed a motion to dismiss appellant's petition for construction of the will, for want of jurisdiction. They alleged that the chancery court had already assumed jurisdiction over the trust provided for in the will and that the exercise by the probate court of any jurisdiction over the trust provisions of the will or of the administration of the trust would be an encroachment on the jurisdiction of the chancery court. On October 1, 1953, the probate court entered an order sustaining appellees' motion and dismissing appellant's petition and the amendment thereto for want of jurisdiction. This appeal follows.

Prior to adoption of the Probate Code [Act 140 of 1949] the probate court was without jurisdiction of a proceeding to construe a will. *Skeif* v. *Bohall,* 99 Ark. 339, 138 S. W. 461. Our earlier cases supported the rule that courts of equity had exclusive jurisdiction of suits involving the construction of a will creating a trust. *Williamson* v. *Grider,* 97 Ark. 588, 135 S. W. 361. See also, *Jesseph* v. *Leveridge,* 205 Ark. 665, 170 S. W. 2d 71.

Section 4b of the Probate Code [Ark. Stats. § 62-2004b] reads: "JURISDICTION. The Probate Court shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the persons and estates of minors, persons of un-

sound mind and their estates, the determination of heir-ship, adoption, and (concurrent with jurisdiction of other courts) jurisdiction to restore lost wills and for the construction of wills when incident to the administration of an estate; and all such other matters as are now or may hereafter be by law provided. The judge of the Probate Court shall try all issues of law and of fact arising in causes or proceedings within the jurisdiction of said court and therein pending. The court shall have the same powers to execute its jurisdiction and to carry out its orders and judgments, including the award of costs, as now exist in courts of general jurisdiction; and the same presumptions shall exist as to the validity of its orders and judgments as of the orders and judgments of courts of general jurisdiction.''

Section 32 of the Probate Code [Ark. Stats. § 60-416] provides: ''The court in which a will is probated, or to which the administration proceeding may have been transferred, shall have jurisdiction to construe it at any time during the administration. Such construction may be made on the petition of the personal representa-tive or of any other person interested in the will; or, if a construction of the will is necessary to the determina-tion of an issue properly before the court, the court may construe the will in connection with the determina-tion of such issue. When a petition for the construc-tion of a will is filed, notice of the hearing thereon shall be given to persons interested in the construction of the will.''

We proceed to examine the petition of appellant in the light of the foregoing statutes. Section 62-2004b, *supra,* follows the enumeration of jurisdictional functions granted in Amendment No. 24 to the Constitution of Arkansas and, pursuant to the authority granted in said amendment, enlarges such jurisdiction by adding thereto the determination of heirship, adoption, and concurrent jurisdiction to establish lost wills and for construction of wills ''when incident to the administration of an estate.''[1] Now the question whether appellant is present-

---

[1] See Committee Comment, § 62-2004.

ly entitled to a bequest of $5,000 under Item XXIV of the will is certainly a matter that is incident to the administration of the estate in the probate court. This is a matter pertaining to the administration, settlement and distribution of the estate over which the probate court has final and exclusive jurisdiction. According to a stipulation of the parties, appellant's claim for payment of the alleged bequest has been filed in the probate court after being disallowed by the executrices. The issue is, therefore, properly before the probate court and a construction of the will is necessary to the determination of that issue. It is unnecessary to determine here whether the chancery court might have concurrent jurisdiction to construe the will on this issue since there has been no request for such construction in that court insofar as this record discloses. We do hold that the probate court has jurisdiction to construe the will to determine whether appellant is presently entitled to a bequest of $5,000; and that the trial court erred in holding to the contrary.

However, we are of the further opinion that the trial court correctly determined that it was without jurisdiction to construe the will and lease on the question relating to appellant's rights to possess and rent certain lands, and to be consulted in the leasing and renting of other lands of the estate. Under the terms of the will the residuary estate, including the real property, passed immediately to the trustees to be held, managed and disposed of by them in the administration of the trust under supervision of the chancery court. The chancery court has already assumed jurisdiction over the trust. The jurisdiction of the probate court is confined to the administration of assets which come under its control, and said court ordinarily has no jurisdiction of a contest between an executor and others over property rights. *Shane* v. *Dickson*, 111 Ark. 353, 163 S. W. 1140.

That part of the judgment holding that the probate court lacked jurisdiction to construe the will to determine whether appellant is entitled to a bequest of $5,000 is accordingly reversed and the cause remanded for fur-

ther proceedings not inconsistent with this opinion. In other respects the judgment is affirmed.