Jewel HILBURN *v.* FIRST STATE BANK
of Springdale, Arkansas, Administrator

75-353                                    535 S.W. 2d 810

Opinion delivered April 12, 1976
[Rehearing denied May 17, 1976.]

570

*Franklin Wilder,* for appellant.

*Joe B. Reed, Rudy Moore* and *James M. Roy Jr.,* for appellee.

John A. Fogleman, Justice. Since we agree with appellant that the probate court had no jurisdiction, we reverse its judgment without considering other points for reversal.

John Robert Hilburn died intestate October 16, 1974 at Springdale. He left a widow, Susan Jane Hilburn. He also left two sons, John and Steve Hilburn. The First State Bank of Springdale was appointed administrator. In the petition for appointment, personal property was valued at $10,000. Real estate was described as "value in question at this time." The real property that was the subject of this proceeding was described in the inventory and a value of $15,000 was ascribed to it.

Jewel Hilburn was the mother of the decedent. She filed exceptions to the inventory, on the ground that the lands involved did not belong to the decedent. The widow filed a petition for statutory allowances and dower. The administrator filed a petition asking that it be authorized to sell all the property of the estate.

Jewel Hilburn filed a response to the widow's petition, asking that the real estate be deleted from the inventory, and alleging that the land was not owned by the decedent and that the widow had surreptitiously secured and recorded an undelivered deed after the death of the decedent, knowing that the deed had never been delivered and that it had been secured by fraud and undue influence. Jewel Hilburn also filed a response to the petition for the sale of the realty and personalty, making the same allegations and asking that a hearing be had on her exceptions to the inventory. She later amended her response to the petition for sale of realty by alleging that at all times relevant to her execution of the deed under which appellees claim title to the realty, she was incompetent to execute a conveyance, by reason of her alcoholism resulting in brain damage. She also alleged that she had not intended to either execute or deliver the deed.

A hearing on these pleadings was held and the probate judge held against appellant Jewel Hilburn and dismissed her exceptions to the inventory. It should be noted at the outset that Jewel Hilburn was not an heir, distributee or devisee

of her son, or a beneficiary of, or claimant against, his estate. She was a "third person," i.e., a stranger to the estate. *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57.

The probate court is a court of special and limited jurisdiction, even though it is a court of superior and general jurisdiction within those limits. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.,* 185 Ark. 20, 45 S.W. 2d 508; *Branch* v. *Veteran's Administration,* 189 Ark. 662, 74 S.W. 2d 800; *Lewis* v. *Rutherford,* 71 Ark. 218, 72 S.W. 373. It has only such jurisdiction and powers as are expressly conferred by statute or the constitution, or necessarily incident thereto. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.,* supra; *Moss* v. *Moose,* 184 Ark. 798, 44 S.W. 2d 825; *Smith* v. *Walker,* 187 Ark. 161, 58 S.W. 2d 946; *Lewis* v. *Rutherford,* supra. A probate court is without jurisdiction to grant equitable relief, even though it may apply equitable doctrines in probate matters properly brought before it. *Jones* v. *Graham,* 36 Ark. 383. See also, *Merrell* v. *Smith,* 226 Ark. 1016, 295 S.W. 2d 624; *Bonner* v. *Sledd,* 158 Ark. 47, 249 S.W. 556; *Arkansas Valley Trust Co.* v. *Young,* 128 Ark. 42, 195 S.W. 36.

The constitution vested in the probate courts exclusive original jurisdiction "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law. The judge of the probate court shall try all issues of the law and of facts arising in causes or proceedings within the jurisdiction of said court, and therein pending." Art. 7, § 34, as amended by Amendment 24, § 1. Ark. Stat. Ann., Const. (1947). The statutory jurisdiction of the court is stated by Ark. Stat. Ann. § 62-2004 (b) (Repl. 1971), viz:

JURISDICTION. The Probate Court shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the persons and estates of minors, persons of unsound mind and their estates, the determination of heirship, adoption, and (concurrent with jurisdiction of other courts) jurisdiction to restore lost wills and for the construction of wills when incident to the administration of an estate;

and all such other matters as are now or may hereafter be by law provided. The judge of the Probate Court shall try all issues of law and of fact arising in causes or proceedings within the jurisdiction of said court and therein pending. The court shall have the same powers to execute its jurisdiction and to carry out its orders and judgments, including the award of costs, as now exist in courts of general jurisdiction; and the same presumptions shall exist as to the validity of its orders and judgments as of the orders and judgments of courts of general jurisdiction.

The probate court's lack of jurisdiction to determine contests over property rights and titles between the personal representative and third parties or strangers to the estate has long been recognized. *Moss* v. *Sandefur,* 15 Ark. 381; *Fancher* v. *Kenner,* 110 Ark. 117, 161 S.W. 166; *Shane* v. *Dickson,* 111 Ark. 353, 163 S.W. 1140; *Gordon* v. *Clark,* 149 Ark. 173, 232 S.W. 19; *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.,* supra; *Ellsworth* v. *Cornes,* supra. See also, *Snow* v. *Martensen,* 255 Ark. 1049, 505 S.W. 2d 20.

The enactment of the Probate Code did not enlarge the jurisdiction of the court to hear contests over property rights between the personal representative and third persons. See *Cross* v. *McLaren,* 223 Ark. 674, 267 S.W. 2d 956. See also, *Mills* v. *Latham,* 215 Ark. 128, 219 S.W. 2d 609. It was pointed out in *Cross* that the enlargement of the jurisdiction of the court by the Probate Code was by addition of determination of heirship, adoption, and concurrent jurisdiction to establish lost wills and for construction of wills "when incident to the administration of an estate." The probate courts also remained courts of law, not equity, after the adoption of the Probate Code and were not consolidated with the chancery courts. *Young* v. *Young,* 201 Ark. 984, 147 S.W. 2d 736; *Mills* v. *Latham,* supra. See also, *Thompson* v. *Dunlap,* 244 Ark. 178, 424 S.W. 2d 360.

The distinction between probate jurisdiction and jurisdiction of matters which are cognizable only in equity has been recognized by us. See *Bonner* v. *Sledd,* 158 Ark. 47, 249 S.W. 556, where we held that the probate court had jurisdiction of a claim for services to a decedent under an oral

contract to compensate the claimant by a testamentary bequest and devise, since the claimant did not seek specific performance of the contract. See also, *Arkansas Valley Trust Co. v. Young,* supra. Clearly, the relief sought by appellant was, like specific performance, peculiarly and exclusively within the jurisdiction of a court of equity. *Myers v. Hobbs,* 195 Ark. 1026, 115 S.W. 2d 880; *McCracken v. McBee,* 96 Ark. 251, 131 S.W. 450; *Tandy v. Smith,* 173 Ark. 828, 293 S.W. 735. See also, *Salyers v. Smith,* 67 Ark. 526, 55 S.W. 936.

Appellees rely upon *Hobbs v. Collins,* 234 Ark. 779, 354 S.W. 2d 551; *Massey v. Doke,* 123 Ark. 211, 185 S.W. 271; *Arkansas Valley Trust Co. v. Young,* supra; *Thomas v. Thomas,* 150 Ark. 43, 233 S.W. 808; *Gocio v. Seamster,* 203 Ark. 937, 160 S.W. 2d 194; *Jansen v. Blissenbach,* 214 Ark. 755, 217 S.W. 2d 849; *Carlson v. Carlson,* 224 Ark. 284, 273 S.W. 2d 542; and *Park v. McClemens,* 231 Ark. 983, 334 S.W. 2d 709, to sustain probate court jurisdiction. They also cite *Porterfield v. Porterfield,* 253 Ark. 1073, 491 S.W. 2d 48 and *Washam v. First National Bank,* 248 Ark. 984, 455 S.W. 2d 96 as examples of the exercise of probate jurisdiction and seek to distinguish *Ellsworth v. Cornes,* supra, classifying as dictum the language adverse to their position. Most of the cases cited by appellees are readily distinguishable, others not quite so easily. Others are clearly inapplicable. See *Jansen v. Blissenbach,* supra; *Massey v. Doke,* supra; *Arkansas Valley Trust Co. v. Young,* supra; *Gocio v. Seamster,* supra. *Gocio v. Seamster,* and *Carlson v. Carlson,* supra, are consistent with appellant's position. *Porterfield v. Porterfield,* supra and *Washam v. First National Bank,* supra, also seem consistent. At least there is nothing to indicate that they are inconsistent.

We first point out that we reviewed many of these cases in *Snow v. Martensen,* supra, where we reversed the probate court's dismissal of a challenge by beneficiaries under the will of the decedent to the inventory filed by the personal representative who was the other beneficiary, and who had not listed a savings account, claiming it by right of survivorship. The personal representative claimed to be a stranger to the estate, insofar as that account was concerned and this was the basis of her motion to dismiss. We rejected that contention and in reviewing the cases distinguished *Hart-*

*man* v. *Hartman,* 228 Ark. 692, 309 S.W. 2d 737, in which the contest was between the widow and her husband's estate and in which the validity of her assignment of the notes in question to her deceased husband was not passed on by the probate court. But we restated and applied the rule stated in *Ellsworth* v. *Cornes,* which appellee labels dictum, saying:

> In *Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W. 2d 57, we stated a rule which we still adhere to and by which we measure the jurisdiction and distinguish the case at bar. In *Ellsworth* we said:
>
>> Throughout its history, this court has held that Probate Courts are without jurisdiction to hear contests of and determine the title to property between personal representatives of deceased persons and third persons claiming title adversely to the estates of deceased persons. [Omitting citations]

We held that the parties to the controversy were not "third parties" claiming adversely to the estate. Our approval of the rule so recently should have laid to rest any contention that our early position on the matter was not still in effect. We did not specifically overrule *Hobbs* v. *Collins,* supra, in *Snow,* but it is not wholly consistent with *Ellsworth,* to which we adhered, and it was not necessary to overrule it in reaching our result in that case. We did not, however, hold in *Hobbs* that the probate court had jurisdiction. We took the position that failure of the administrator to object to probate court jurisdiction barred him from raising the jurisdictional question on appeal, upon the authority of *Park* v. *McClemens,* supra. In *Park* (where three justices dissented), we said that the probate court should have taken and retained jurisdiction under the authority of *Hartman,* because, by agreement and cooperation of the parties, the question of ownership of the funds involved was submitted to that court. In the first place, *Hartman* was not authority for the court's holding.[1] But more importantly, both cases are aberrations that should be

---

[1]Nevertheless, we were even then troubled about the apparent inconsistency of *Thomas* v. *Thomas,* 150 Ark. 43, 233 S.W. 808 and *Carlson* v. *Carlson,* 224 Ark. 284, 273 S.W. 2d 542 with *Moss* and *Ellsworth,* but found it unnecessary to reconcile them. The conflict was more apparent than real. In *Thomas,* the controversy was between the woman who was found to be the

eliminated from our otherwise unvarying application of the rule that subject matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Hervey* v. *The Farms, Inc.*, 252 Ark. 881, 481 S.W. 2d 348; *Catlett* v. *The Republican Party of Arkansas*, 242 Ark. 283, 413 S.W. 2d 651; *Risor* v. *Brown*, 244 Ark. 663, 426 S.W. 2d 810; *Magnet Cove Barium Corp.* v. *Watt*, 215 Ark. 170, 219 S.W. 2d 761. And subject matter jurisdiction cannot be conferred by consent of the parties. *Risor* v. *Brown*, supra; *Sheffield* v. *Heslep*, 206 Ark. 605, 177 S.W. 2d 412. *Sugar Grove School Dist. No. 19* v. *Booneville Special School Dist. No. 65*, 208 Ark. 722, 187 S.W. 2d 339; *Thornton* v. *Commonwealth Federal Savings & Loan Assn.*, 202 Ark. 670, 152 S.W. 2d 304. We have said that it is not only the right but the duty of this court to determine whether it has jurisdiction of the subject matter. *Arkansas Savings & Loan Assn. Board* v. *Corning Savings & Loan Assn.*, 252 Ark. 264, 478 S.W. 2d 431.

The jurisdictional question is one relating to subject matter. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.*, supra. Appellees' contention that it was waived is without merit.

The judgment of the probate court upholding the validity of the deed and determining the title to the property as between appellant and appellees was void for want of jurisdiction. *Ellis* v. *Shuffield*, 202 Ark. 723, 152 S.W. 2d 535; *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.*, supra; *Ellsworth* v. *Carnes*, supra. This case, however, is one which may properly be transferred to the chancery court for trial because of the probate court's lack of jurisdiction to grant the equitable relief sought by appellant. *Merrell* v. *Smith*, supra; *Davis* v. *Davis*, 227 Ark. 961, 302 S.W. 2d 769.

Since appellant has not only acquiesced in the procedure in the probate court, but actually invoked its jurisdiction, she thereby caused the incurrence of costs incident to the entire proceeding which might have been avoided by timely objec-

legal widow of the decedent and his heirs. The widow was also the administratrix and was in somewhat the same position as the personal representative in *Snow*. Actually the *Ellsworth* court read *Thomas* to support the rule here applied, just as we did in *Snow*. *In Carlson*, the controversy was between the personal representative and the widow. In upholding the probate court jurisdiction we referred to *Ellsworth*.

tion to the jurisdiction. For this reason, she shall not be relieved of costs adjudged against her in the probate court and costs on appeal are assessed against her. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.,* 185 Ark. 20, 45 S.W. 2d 508; *Fancher* v. *Kenner,* 110 Ark. 117, 161 S.W. 166.

Appellees have complained that appellant has violated Rule 9 by an insufficient abstract of the record and moved for a dismissal of the appeal for that reason. We no longer entertain such a motion. Whatever deficiencies exist have no bearing on the jurisdictional question on which we decide this appeal. Appellant's abstract of the record relating to that point is certainly sufficient to give this court a clear understanding of that question. The motion is denied. Rule 9 (d), (e), Rules of the Supreme Court of Arkansas, Vol. 3A, Ark. Stat. Ann. (Supp. 1975).

The judgment is reversed and the cause remanded with directions to transfer the contest over the realty to the Chancery Court of Washington County.

BYRD, J., dissents.

ROY, J., not participating.