John H. RATTERREE *v.* Lloyd E. WHITE

82-89                                                          642 S.W.2d 288

Supreme Court of Arkansas
Opinion delivered November 8, 1982
[Rehearing denied December 20, 1982.]

*Roy R. Gean, III* of *Gean, Gean & Gean,* for appellant.

*Daily, West, Core, Coffman & Canfield,* by: *Michael C. Carter* and *Wyman R. Wade, Jr.,* for appellee.

STEELE HAYS, Justice. In August, 1980, Mrs. Pauline White Ratterree was found to be incompetent and City National Bank of Fort Smith was appointed guardian of her estate. Her husband, John H. Ratterree, appellant, was appointed guardian of the person. Mrs. Ratterree's son by a former marriage, Lloyd White, appellee, petitioned to intervene and permission was granted.

After a hearing the probate judge granted White's petition that John Ratterree deliver to the court the tax returns of Mrs. Ratterree's, which were their joint returns, for three years preceding the guardianship. The bank and John Ratterree were ordered to make a complete inventory of the furnishings of Mrs. Ratterree's home and to show entries and contents of a bank lock box in Mr. Ratterree's name but thought to contain property of Mrs. Ratterree.

John Ratterree claims on appeal the Probate Court had no jurisdiction to order the delivery of tax returns for years before the guardianship was created and asserts it was error to order the delivery of the returns and the inventory of the furnishings and lock box. We find no error.

## I.

Notwithstanding a prolonged argument, appellant cites nothing to support the proposition that Probate Courts are powerless to order a guardian of the person to surrender the tax returns of an incompetent ward over to the court for inspection by the guardian of the estate, as well as other parties to the litigation. Because the returns are for years preceding the guardianship, appellant insists he should not have to deliver "his" returns, without some showing of fraud or wrongdoing, simply to satisfy the curiosity of appellee. But the fact is the returns are also the property of the ward and they are, perforce, a useful source of information to the court and to the guardian in marshalling the estate. We note that even before their delivery had been ordered by the court, the bank had sought, without success, to obtain these documents from Mr. Ratterree.

Article 7, Section 34 of the Constitution of Arkansas gives Probate Courts exclusive, original jurisdiction over guardians and persons of unsound mind and their estates. In furtherance of that provision the legislature has imposed on guardians of the estate the duty to exercise due care in the protection and preservation of the property of an incompetent [Ark. Stat. Ann. § 57-625 (Repl. 1971)] and the duty to take possession of all the ward's real and personal property and of "rents, incomes, issue and profits therefrom, *whether accruing before or after* his appointment . . . " . [Ark. Stat. Ann. § 57-626 (Repl. 1971)]. We believe those duties are sufficient to uphold the power of the Probate Court, in its discretion, to order the returns to be available in this case.

## II.

In the alternative, Ratterree next argues that even if the court has jurisdiction, it was error for the Probate Court to make the tax returns available to White. He argues that good cause must be shown before one party must produce his tax returns for the inspection of another and that appellee White is without standing to request the tax returns. But White was permitted to intervene in the proceedings and no appeal has

been taken from that order. On that basis, we disagree with the assertion that he is without standing in this case.

Appellant cites cases[1] holding that a party seeking the production of tax returns, as opposed to other documents, must first show good cause, which, he says, White has failed to do. The principle itself is sound enough, but the argument ignores two important distinctions: one, White has a clear interest in preserving the estate of his mother, for her sake as well as his own, and two, the returns are not simply "appellant's tax returns", but are at once the returns of the incompetent ward as well.

The whole question of "good cause" for discovery rests within the sound discretion of the trial court. *Reed* v. *Baker,* 254 Ark. 631, 495 S.W.2d 849 (1973); *Rickett* v. *Hayes,* 251 Ark. 395, 473 S.W.2d 446 (1971). We find no abuse of discretion by the trial court in ordering the inspection of these tax returns.

### III.

The final argument is that the court was wrong in ordering an inventory of the household furnishings of the Ratterree's homeplace and in ordering an inventory of appellant's safety deposit box, with the dates of entry shown. What possible benefit will be gained from knowing when Mr. Ratterree entered the lock box we cannot say, but issues of evidence and its discovery are better left to the trial courts and we are not willing to disturb an order merely because it may prove to be of no consequence.

As to the box itself, the testimony was that it originally belonged to Mrs. Ratterree and contained papers of her as well as Mr. White's, but that Mr. Ratterree changed it to his name and to another location, which he seemed reluctant to reveal even to the trial judge. We cannot say it was clearly improper for the court to order an inventory of the contents of the box. We take the same view of the household items.

[1] *Glazer* v. *Glazer,* 374 F.2d 390 (1967); *Ullmann* v. *Hartford Fire Insurance Co.,* 87 N.J. Super. 409, 209 A.2d 651 (1965); *Boswell* v. *Curtis,* 334 S.W.2d 757 (Mo. App. 1960).

The order of the Probate Court is affirmed.

DUDLEY, J., dissents.

ROBERT H. DUDLEY, Justice, dissenting. I dissent. In *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976), this Court set out the jurisdiction of probate courts as follows:

> The probate court is a court of special and limited jurisdiction, even though it is a court of superior and general jurisdiction within those limits. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co.*, 185 Ark. 20, 45 S.W.2d 508; *Branch* v. *Veteran's Administration,* 189 Ark. 662, 74 S.W.2d 800; *Lewis* v. *Rutherford,* 71 Ark. 218, 72 S.W. 373. It has only such jurisdiction and powers as are expressly conferred by statute or the constitution, or necessarily incident thereto. *Huff* v. *Hot Springs Savings, Trust & Guaranty Co., supra; Moss* v. *Moose,* 184 Ark. 798, 44 S.W.2d 825; *Smith* v. *Walker,* 187 Ark. 161, 58 S.W.2d 946; *Lewis* v. *Rutherford, supra.* A probate court is without jurisdiction to grant equitable relief, even though it may apply equitable doctrines in probate matters properly brought before it. *Jones* v. *Graham,* 36 Ark. 383. See also, *Merrell* v. *Smith,* 226 Ark. 1016, 295 S.W.2d 624; *Bonner* v. *Sledd,* 158 Ark. 47, 249 S.W. 556; *Arkansas Valley Trust Co.* v. *Young,* 128 Ark. 42, 195 S.W. 36.

> The constitution vested in the probate courts exclusive original jurisdiction "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law. The judge of the probate court shall try all issues of the law and of facts arising in causes or proceedings within the jurisdiction of said court, and therein pending." Art. 7, § 34, as amended by Amendment 24, § 1. Ark. Stat. Ann., Const. (1947). The statutory jurisdiction of the court is stated by Ark. Stat. Ann. § 62-2004 (b) (Repl. 1971), viz:

*Jurisdiction.* The Probate Court shall have jurisdiction of the administration, settlement and distribution of the estates of decedents, the probate of wills, the persons and estates of minors, persons of unsound mind and their estates, the determination of heirship, adoption, and (concurrent with jurisdiction of other courts) jurisdiction to restore lost wills and for the construction of wills when incident to the administration of an estate; and all such other matters as are now or may hereafter be by law provided. The judge of the Probate Court shall try all issues of law and of fact arising in causes or proceedings within the jurisdiction of said court and therein pending. The court shall have the same powers to execute its jurisdiction and to carry out its orders and judgments, including the award of costs, as now exist in courts of general jurisdiction; and the same presumptions shall exist as to the validity of its orders and judgments as of the orders and judgments of courts of general jurisdiction.

*Id.* at 572-73, 535 S.W.2d at 812. Today, the probate court still has only such powers as are conferred by statute or the constitution.

In this case Lloyd White, the intervenor and appellee, has not claimed by any type of pleading an equitable or legal property right in or interest in or claim against the ward's property. He is a "third person," a stranger to the estate. *See Ellsworth* v. *Cornes,* 204 Ark. 756, 165 S.W.2d 57 (1942) [fully explained in *Snow* v. *Martensen,* 255 Ark. 1049, 505 S.W.2d 20 (1974)]; Ark. Stat. Ann. § 62-2003 (k) (Repl. 1971) [made applicable to guardianship proceedings by Ark. Stat. Ann. § 57-603 (Repl. 1971)]. He has no standing to sue in probate court. The majority opinion disclaims the issue by stating: "White was permitted to intervene in the proceedings and no appeal has been taken from that order." Perhaps standing is not the most significant issue in this case, but it was raised below and the order allowing the intervention could not have been appealed before now. Rules of Appellate

Procedure, Rule 2 (a) 4, Ark. Stat. Ann. Vol. 3A (Repl. 1979). I would decide the issue of standing.

Of real significance is the fact that the intervenor below, appellee here, stated no cause of action against John Ratterree over which probate court has jurisdiction. The guardian of the estate asks nothing. No interested person seeks relief. The appellee's pleading is essentially an objection to both the inventory and the accounting filed by the guardian of the estate, the City National Bank of Fort Smith. The guardian of the person does not file the inventory and the accounting. Ark. Stat. Ann. §§ 57-623 and 57-624. Therefore, there is no probate cause of action stated against John Ratterree either as an individual or in his capacity as guardian of the person. There is no affidavit or other pleading stating that John Ratterree has possession of any property belonging to the ward. The third party simply wants to delve into the joint tax returns of the ward and the guardian of her person, John Ratterree. Yet, the probate court, without statutory authority, entered an order for the production of the joint tax returns of the ward and her husband, John Ratterree, so they might be examined by the court and by appellee.

The decedent's estate statute authorizing discovery of assets, Ark. Stat. Ann. § 62-2409 (Repl. 1979) is made applicable to guardianship proceedings by operation of Ark. Stat. Ann. § 57-603 (Repl. 1971). It provides:

Discovery of assets. — If a personal representative or other person interested in the estate shall file with the court an affidavit stating that the affiant has good cause to believe that any person named in the affidavit has knowledge concerning or possession of any property, whether real or personal, or any records, papers or documents belonging to the decedent, or affecting his title to or rights in any property, the court shall have the power to cause such person to appear before the same court and be examined on oath for the discovery of the same. Any person failing to appear when ordered, or refusing to answer proper questions, shall

be adjudged guilty of contempt of court and punished accordingly.

There simply was no affidavit or pleading which gave jurisdiction to order discovery of assets against John Ratterree.

Even if some valid pleading against John Ratterree had been filed, the probate court, under the statute quoted above, can only cause him to appear before the court and be examined under oath for the discovery of assets. The probate court simply has no statutory or constitutional authority to order an individual to deliver his and the ward's joint tax returns for a third party's perusal.

Since the probate court did not have jurisdiction to order delivery of the joint tax returns for examination by a third party who has no standing I would hold that part of the order is void and should be quashed. *See Huff* v. *Hot Springs Savings, Trust & Guaranty Co.,* 185 Ark. 20, 45 S.W.2d 508 (1932).